IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EJIKE OKPA AND | § | |
| JEAN ONUAGULUCHI, | § | |
|     PLAINTIFFS, | § | |
| | § | |
| V. | § | CASE NO. 3:18-CV-1690-K-BK |
| | § | (CONSOLIDATED CASE NO. 3:18-CV-1697-K) |
| BANK OF NEW YORK MELLON, AS | § | |
| TRUSTEE, AND SELECT PORTFOLIO | § | |
| SERVICING, INC., | § | |
|     DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. 636(b) and Special Order 3, this case has been referred to the United States magistrate judge for pretrial management. Before the Court is Defendant Select Portfolio Servicing, Inc.'s *Motion for Judgment on the Pleadings as to Jean Onuaguluchi*. Doc. 16. For the reasons stated here, the motion should be **GRANTED**.

Plaintiffs Ejike Okpa ("Okpa") and Jean Onuaguluchi ("Onuaguluchi") filed separate petitions in state court, both seeking to stop foreclosure on the real property and improvements located at 14403 Overview Drive, Dallas, Texas 75254 ("the Property"). Doc. 1-1; Dkt. 1-1. Both state cases were removed to this Court and subsequently consolidated in this cause number. Doc. 1; Dkt. 1; Doc. 8; Dkt. 10. Defendant Silver Portfolio Servicing, Inc. ("Silver Portfolio") now moves for judgment on the pleadings as to Onuaguluchi. Doc. 16.

By its motion, Sliver Portfolio argues that since Onuaguluchi's "request for injunctive relief is the only cause of action [asserted,]" she "fails to state a claim that's valid on its face and should be dismissed pursuant to Rule 12(c)." Doc. 17 at 4. Onuaguluchi was required to file a

response, if she opposed the relief requested, by October 12, 2018, but has never done so. Thus, the Court presumes she does not contest that motion to dismiss. That notwithstanding, the Court finds that Silver Portfolio's motion has merit.

A motion brought pursuant to Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citation omitted). "After the pleadings are closed—but within such time as not to delay the trial—any party may move for judgment on the pleadings." FED. R. CIV. P. 12(c).

A request for injunctive relief "absent an underlying cause of action is fatally defective." *Thomas v. EMC Mortg. Corp.*, 499 Fed. Appx. 337, 343 n. 15 (5th Cir. 2012). Injunctive relief is an "equitable remedy, not an independent cause of action." *Puente v. CitiMortgage, Inc.*, No. 11-CV-2509, 2012 WL 4335997, at *7 (N.D. Tex. 2012) (Godbey, J.) (citing *Excel Mktg. Solutions, Inc. v. Direct Fin. Solutions*, LLC, No. 11-CV-0109, 2011 WL 1833022 at *4 (N.D. Tex. 2011) (Fitzwater, C.J.)).

In her *Original Petition for Temporary Restraining Order Without Notice*, Case No. 18-1697, Doc. 1-1 at 5, Onuaguluchi seeks injunctive relief to halt the foreclosure on the Property but fails to assert an underlying cause of action. Onuaguluchi, who is proceeding *pro se*, states that her cause "is brought under Tex. Civ. Prac. & Rem. Code. 65.001." However, Section 65.001 only provides that "principles governing courts of equity govern injunction proceedings," and does not make available any independent cause of action. TEX. CIV. PRAC. REM. CODE § 65.001,

2

Accordingly, Silver Portfolio's *Motion for Judgement on the Pleadings as to Jean Onuaguluchi*, Doc. 16, should be **GRANTED**, and Onuaguluchi's original petition against Silver Portfolio should be **DISMISSED WITH PREJUDICE**.[1]

**SIGNED** on February 27, 2019

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[1] Okpa's original petition against Silver Portfolio and Defendant Bank of New York Mellon remains pending. Silver Portfolio and Bank of New York Mellon have filed an *Answer* and *Amended Answer* to Okpa's petition. Doc. 14; Doc. 15.